COMMONWEALTH *vs.* OLD COLONY AND FALL RIVER RAILROAD COMPANY.

A highway may be proved by prescription, even at or near a place where a particular way is shown by a record to have been established.

A railroad laid out over and along a highway in such a manner as to obstruct it, without express statute authority or necessary implication, is liable to indictment as a nuisance.

The confirmation, by statute, of the illegal location of a railroad in a highway, is no ground for arresting judgment on an indictment for a nuisance by such obstruction, on which the proprietors of the railroad have been convicted before the passage of the statute.

INDICTMENT for a nuisance by obstructing a highway in Freetown. Trial in the court of common pleas in Bristol at June term 1857, before *Bishop*, J., who signed a bill of exceptions, the substance of which is stated in the opinion.

*E. H. Bennett*, for the defendants.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

HOAR, J. The defendants are indicted for a nuisance in a highway, occasioned by the gravel embankment upon which their track is constructed, which they are charged with erecting and maintaining within the limits of the highway, not crossing it, but passing along in the same direction in which the highway runs, thereby narrowing it, and obstructing the ordinary travel. The government offered proof of a highway by prescription or dedication. The defendants introduced the record of the laying out of the highway in the year 1813, and introduced evidence tending to show that the embankment was not within

the limits of the highway as defined by the record. The government offered evidence to show that the record was so imperfectly and inaccurately made up, that no location of a highway could be ascertained from it.

The defendants presented to the court several prayers for instructions, the substance of which, under various forms, presented two legal propositions : 1st. That the origin of the road being shown by the record, the government could not prove a highway by prescription, within, adjoining or near the location so fixed; and 2d. That it was competent for the defendants to locate their road upon or over a highway, and that the county commissioners only have jurisdiction over such location, and therefore the act complained of is not an indictable offence.

The court of common pleas declined to give the instructions prayed for; but instructed the jury " that the public might acquire a right to use land for a highway or county road by prescription ; that when a highway was located by the proper authorities, and the use of the public was coincident with the same, then the government could only claim under the record of such highway ; that in the present case, if the jury were satisfied that it was impossible to locate a highway under and in conformity with the record, then the record was void for uncertainty, and the public might have acquired a right by prescription, if the evidence was satisfactory to their minds." The jury found the defendants guilty, and they alleged exceptions.

1. The general rule of law, that a highway may be proved by prescription or dedication, has been so long, so often and so recently declared in this commonwealth, that it is hardly open to discussion. *Commonwealth* v. *Newbury*, 2 Pick. 51. *Commonwealth* v. *Low*, 3 Pick. 412. *Commonwealth* v. *Belding*, 13 Met. 10. *Jennings* v. *Tisbury*, 5 Gray, 73. And we can perceive no reason for the inference, that if a particular way is shown by a record to have been established at or near a certain place, the right of the public is thereby impaired to acquire or prove an addition to the width of such way by prescription or dedication. So far as it is not included in the

location fixed by the record, it is in fact a different way ; and no principle or decision has been suggested, which would prohibit the establishment of a new way near or adjacent to one which had been already provided. The land adjoining an existing highway is not exempted by law from appropriation to the use of the public, any more than land which lies farther off ; and such appropriation may be shown by proper evidence to have been made in any manner which the law recognizes. It cannot be doubted that the county commissioners may widen an existing way ; and indeed one of the most common examples of dedication is the throwing open to the public land which adjoins a highway, for the purpose of widening it.

2. The other point is equally clear upon recent and well considered decisions of this court. In *Commonwealth* v. *Nashua & Lowell Railroad,* 2 Gray, 56, it is said by the chief justice, that " we cannot doubt that the obstruction of a highway or town way, in any form, is *prima facie* a public nuisance ; and that the proper redress for the public is to be sought by indictment. Railroad companies are prohibited from making the roads so as to obstruct public ways, except in a particular mode, by the permission of the selectmen. Rev. Sts. *c.* 39, §§ 66, 67." The jury in the present case having found that the embankment of the defendants was an obstruction, they were therefore liable to an indictment, unless they could show a justification. But in the case of *Springfield* v. *Connecticut River Railroad,* 4 Cush. 71, 72, it was held, " that by a grant of power by a legislative act, to lay out a railroad between certain *termini,* where the precise course and direction are not prescribed, no authority is given *prima facie* to lay such railroad on and along an existing public highway longitudinally, or in other words, to take the road bed of such highway as the track of their railroad ;" and that " when it is the intention of the legislature to grant a power to take land already appropriated to another public use, such intention must be shown by express words, or by necessary implication." No such express authority was proved or suggested by the defendants in the case at bar ; nor any necessity to construct the railroad upon the highway, in

order to bring it within the limits fixed by their charter, such as would tend to prove the grant of such an authority by implication.

We are therefore of the opinion that no justification was established, and that the exceptions cannot be sustained.

*Exceptions overruled and case remitted.*

At December term 1859 of the superior court, the defendants moved in arrest of judgment, because " by the statute of 1858, *c.* 171, passed since the verdict in said case was rendered, and while the case was pending in the supreme court upon exceptions, the legislature of the Commonwealth have confirmed and legalized the location of said railroad upon said highway in Freetown, and have made the same no longer a nuisance which can be the subject of an indictment, conviction or punishment under the laws of this commonwealth."

*Russell,* J. overruled the motion, and the defendants alleged exceptions, which were argued in March 1860.

*E. H. Bennett,* for the defendants.   The defendants were convicted of locating their road upon a public highway in Freetown. That location was by *St.* 1858, *c.* 171, § 5, " confirmed," that is, approved, ratified, established, legalized.   The location is therefore not now illegal, and cannot be punished as such.   *Commonwealth* v. *Marshall,* 11 Pick. 350.   *Commonwealth* v. *Kimball,* 21 Pick. 373.   *Commonwealth* v. *Pattee,* 12 Cush. 501.   *The Queen* v. *Denton,* 18 Ad. & El. N. R. 761.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

METCALF, J.   In support of the reason assigned for arresting judgment, the defendants' counsel relies on the cases in which it has been decided, that when the statute, on which an indictment is founded, has been repealed after the finding of the indictment, without a saving of cases pending, no judgment can be rendered.   But the court are of opinion that those cases are not applicable to this.   In this case, the defendants levied a nuisance in a highway, by unlawfully locating and constructing a railroad therein, and have been duly found guilty of that offence. Before sentence could be pronounced, the *St.* of 1858, *c.* 171, § 5,

confirmed the location of the defendants' road, which was previously unwarranted; and they now deny that any judgment can be rendered on the verdict which has been returned against them. We think, however, that this statute did not make the former location, and the proceedings under it, justifiable *ab initio*, and thus exonerate the defendants from all liability for acts done while they had no authority to do them. Its effect seems to us to be, to prevent the encroachment on the highway from being thereafter deemed a common nuisance, but not to prevent its being deemed a nuisance theretofore.

When motion shall be made for sentence in the superior court, to which we shall send back the case, that court will give to the confirming statute all the legal effect which the rules of law will warrant.

In ordinary cases of indictments against towns and turnpike corporations for nuisances in roads, if the roads are properly repaired while the indictment is pending, a small fine only is imposed, with costs of prosecution. But it never was supposed that judgment could be arrested merely because the nuisance had been removed or abated. See *The King* v. *Incledon*, 13 East, 164.                                        *Exceptions overruled.*